# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CARLA MARTINES,

       Plaintiff,

v.                                                                              No. 98cv0848 JP/JHG

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Martines') Motion to Reverse or Remand the Administrative Decision, filed May 5, 1999. The Commissioner of Social Security issued a final decision denying Martines' applications for disability insurance benefits and supplemental security income. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion is well-taken and recommends that it be GRANTED.

Martines, now forty-two years old, filed her applications for disability insurance benefits and supplemental security income on March 20, 1995, alleging a disability which commenced January 12, 1992, due to residual effects of childhood poliomyelitis, back and leg problems, and methadone dependence. She has a high school education and vocational training with past relevant work as a laboratory assistant and a phlebotomist. Martines' disability insured status expired on December 31, 1994. The Commissioner denied Martines' applications for disability insurance benefits and

supplemental security income both initially and on reconsideration.

After conducting an administrative hearing, the Commissioner's Administrative Law Judge (ALJ) found Martines had the severe impairments of residuals of childhood poliomyelitis and left hip and back pain. The ALJ determined she retained the residual functional capacity to perform light work. Relying on the testimony of a vocational expert, the ALJ found at step five she was able to perform the jobs of order control clerk, receptionist and hotel/motel clerk. Thus, the ALJ concluded Martines was not disabled within the meaning of the Social Security Act. The Appeals Council denied Martines's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Martines seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520

(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id.*

In support of her motion to reverse or remand the administrative decision, Martines argues the ALJ's residual functional capacity finding is not supported by substantial evidence, the ALJ's reliance on the flawed vocational expert's testimony was contrary to law, the ALJ failed to consider her mental impairment, and the ALJ sifted through the evidence and relied on selected parts which was contrary to law.

The ALJ found that Martines retained the residual functional capacity to perform the full range of light work. Light work involves lifting no more than twenty pounds at a time, with frequent lifting and carrying of objects weighing up to ten pounds. 20 C.F.R. §404.1567 (b). Although the weight lifted may be very little, this category includes jobs which require a good deal of walking or standing, or sitting most of the time with some pushing and pulling of arm and leg controls. *Id.* The full range of light work requires standing or walking, off and on, for a total of six hours in an eight hour day. Social Security Ruling 83-10.

Dr. Sherman, a treating physician, found Martines had not worked recently due to increasing pain and inability to stand for long periods secondary to residuals from polio myelitis. Tr. 182. Dr. Sherman determined she had shortening and deformities in her right leg. Tr. 182. In May, 1996, Dr. Sherman performed surgery in an attempt to improve her condition. Tr. 183. Dr. Sherman opined that the surgical stabilization would keep her independently ambulatory for some period, but that in the future, due to the degree of her disability, she might require some type of motorized wheel chair. *Id.* The ALJ did not discuss Dr. Sherman's opinion.

Instead, in arriving at his determination that Martines retained the residual functional capacity to perform the full range of light work, the ALJ relied on the records and reports of Dr. Davis and Dr. Deming. Tr. 17-21. Dr. Deming found residual right lower extremity hypoplasia and weakness and pain in the region of her left hip. Tr. 143. Dr. Deming did not state an opinion as to the level of exertion. Tr. 143. Significantly, Dr. Davis found Martines could probably be on her feet for two to four hours in an eight hour day depending on her symptoms. Tr. 137.

Dr. Davis's assessment of Martines' ability to stand is not consistent with an ability to perform the full range of light work. While the reports of Dr. David and Dr. Deming offer some evidence that Martines is able to perform some work activities, the vast bulk of the medical evidence unequivocally establishes that Martines suffered from the non-exertional impairment of pain. In light of this overwhelming evidence, the ALJ's determination that Martines was capable of performing the full range of light work is not supported by substantial evidence. Thus, a remand is required.

The ALJ implicitly found Martines did not have a severe mental impairment at step two. A disability claim may be denied at step two only if an impairment produces no more than a minimal effect on the claimant's abilities. Social Security Ruling 85-28. If a claimant presents medical evidence

4

which constitutes a mere *de minimis* showing of severity, the ALJ must proceed with the sequential evaluation process. *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Martines testified she had been prescribed Valium for anxiety, and that she suffered from crying spells, fatigue, depression, was nervous and frustrated. Tr. 40, 49. There was also evidence that Martines abused heroin in the past and had completed a methadone program. Tr. 153-157. She received counseling at the substance abuse clinic and sometimes felt like she needed mental health treatment. Tr. 55.

Based on this evidence, the ALJ had a duty to develop the record further with respect to her mental impairment. *Henrie v. Department of Health and Human Services*, 13 F.3d 359, 361 (10th Cir. 1993). When there is evidence of a mental impairment which allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments as set out in 20 C.F.R. § 404.1520a. *Cruse v. U.S. Dept. of Human Services*, 49 F.3d 614, 617 (10th Cir. 1995). At the administrative hearing level, the ALJ may complete the PRT form with or without the assistance of a medical advisor. 20 C.F.R. § 404.1520a(d)(1). However, the standard form must be appended to the decision. 20 C.F.R. § 404.1520a(d)(2).

In this case, the ALJ should have arranged for a consultative psychological examination. In his decision, the ALJ did not discuss Martines' alleged mental impairment at all. The ALJ also did not append a PRT form to the decision. On remand, the ALJ should arrange for a psychological consultative examination. Then, the ALJ should complete the PRT form to reflect all the evidence of record and discuss in his opinion the evidence he considered in reaching the conclusions expressed on the form.

Martines argues the ALJ reliance on the vocational expert testimony was contrary to law. The undersigned notes that when the vocational evaluator was asked to assume Martines suffered from depression, she testified there were no jobs which Martines would be able to perform. Tr. 65. However, the ALJ did not rely on this testimony in his decision because he found that Martines did not suffer from a severe mental impairment at step two.

Vocational expert testimony based on information which does not precisely relate all of a claimant's impairments cannot constitute substantial evidence. *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995); *Hargis v. Sullivan*, 945 F.2d 1482, 1491 (10th Cir. 1991). The ALJ did not precisely relate all of Martines' impairments in his hypothetical questions. For this reason, the Commissioner failed to meet his burden at step five and his decision is not supported by substantial evidence. As noted above, the step two determination with respect to Martines' mental impairment is not supported by substantial evidence. Based on the present record, however, it is not possible to determine the full extent of Martines' mental impairment. On remand, after the ALJ obtains the consultative psychological examination, the ALJ should propound a hypothetical question to a vocational expert which precisely relates Martines' impairments.

On a worksheet, the vocational evaluator also identified motor coordination, manual dexterity, numerical abilities and verbal abilities as skills. Tr. 175. However, these attributes are aptitudes and not skills. Equating transferable work skills with common aptitudes is incorrect as a matter of law. *Frey v. Bowen*, 816 F.2d 508, 518 (10th Cir. 1987). On remand, the ALJ should obtain vocational expert testimony in which the vocational evaluator does not equate Martines' aptitudes with her skills.

## RECOMMENDED DISPOSITION

The ALJ did not apply correct legal standards and his decision is not supported by substantial evidence. Martines's Motion to Reverse and Remand Administrative Decision, filed May 5, 1999, should be granted. This case should be remanded to the Commissioner to allow the ALJ to complete the sequential evaluation process in the absence of a determination that Martines retained the residual functional capacity for the full range of light work, to obtain a psychological consultative examination, to complete the PRT form to reflect all the evidence of record, discuss the evidence he considered in reaching the conclusions expressed on the PRT form, to propound a hypothetical question to a vocational expert which precisely relates Martines' impairments in light of the complete record, including the consultative psychological examination, and obtain vocational expert testimony in which the vocational evaluator does not equate Martines' aptitudes with her skills.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**
Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.